462 March 6, 2024 No. 167

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Cristian LOPEZ,
*Plaintiff-Appellant,*

*v.*

JACKSON COUNTY,
*Defendant-Respondent.*

Jackson County Circuit Court
20CV39438; A179039

Benjamin M. Bloom, Judge.

Argued and submitted January 12, 2024.

William J. Macke argued the cause for appellant. Also on the briefs was Matthew E. Zekala. Also on the opening brief was Macke Frazier Law.

Johan Pietila and Brett A. Baumann argued the cause for respondent. On the brief was Brett A. Baumann.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Plaintiff brought claims under ORS 659A.030 against defendant, Jackson County, after termination of his employment at the Jackson County Juvenile Detention facility (the facility). He advanced two theories for why his termination was unlawful: First, he alleged that defendant violated ORS 659A.030(1)(f) by retaliating against him because he had complained to supervisors about certain safety issues at the facility and had filed an OR-OSHA complaint about those same safety concerns. Second, he alleged that defendant's stated reason for firing him—a use of force violation against a youth—was actually pretext discrimination based on his national origin, in violation of ORS 659A.030(1)(a), (b). He appeals two trial court rulings: (1) the grant of summary judgment to defendant on the retaliation claim; and (2) the grant of a directed verdict in favor of defendant on the employment discrimination claim. We affirm.

In his first assignment of error, plaintiff contends for three reasons that the trial court erred in granting defendant's motion for partial summary judgment on his retaliation claim. First, plaintiff argues that the trial court improperly limited its consideration to evidence of the timing of his OR-OSHA complaint rather than considering evidence of all of the verbal complaints plaintiff had made over his 13 years of employment. Second, plaintiff asserts that evidence of his "co-worker's inappropriate comments relating to [his] national origin" should also be considered on his retaliation claim. Lastly, plaintiff argues that evidence of the "temporal proximity" of the incident with the youth, his formal complaint to OR-OSHA, and his termination raised a genuine issue of material fact that precludes summary judgment. Defendant responds that plaintiff's first two arguments are unpreserved.

We conclude that plaintiff's first argument is preserved. ORAP 5.45(1) provides that "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *." In plaintiff's First Amended Complaint, he pled that he "reported concerns relating to safety practices, facility security, * * * and other concerns" to management throughout his employment. He

expounded on that argument during the summary judgment hearing, arguing that his retaliation claim was based on "the culmination of verbal complaints that plaintiff expressed over the years." Thus, plaintiff alerted the trial court and defendant that the OR-OSHA complaint was not the sole basis for his retaliation claim. *See State v. Walker*, 350 Or 540, 548, 258 P3d (2011) (A party must articulate enough information to an opposing party or a trial court "to be able to understand [a party's] contention and to fairly respond to it.").

However, plaintiff's second argument is unpreserved. Plaintiff did not cite any facts relating to retaliation based on his national origin either in the complaint or in the summary judgment proceeding. Therefore, in reviewing the first assignment of error, we consider only plaintiff's first argument—that the trial court improperly restricted its analysis to evidence relating to the OR-OSHA complaint—and his third argument—that evidence of the timing of plaintiff's filing of the OR-OSHA complaint and subsequent termination raises a genuine issue of material fact.

Turning to the merits, "[i]n reviewing the trial court's summary judgment ruling, we view the facts and all reasonable inferences that may be drawn from them in the light most favorable to the nonmoving party." *Medina v. State of Oregon*, 278 Or App 579, 581, 377 P3d 626 (2016). On May 11, 2020, plaintiff was involved in a physical altercation with a youth at the facility and was subsequently placed on administrative leave while management conducted an investigation into that incident. On May 18, plaintiff filed an anonymous complaint to OR-OSHA about "certain practices" at the facility. On May 20, Ferguson, the deputy director of the facility, decided to terminate plaintiff. On May 21, defendant sent a termination letter to plaintiff explaining that he was terminated because he "failed to follow established protocols, used unnecessary and excessive force, and [was] insubordinate." The following day, defendant received a letter from OR-OSHA notifying it of plaintiff's complaint.

In addition to evidence of his filing of the OR-OSHA complaint, plaintiff testified that he had opposed defendant's "illegal practice" of keeping "doors unsecured and allow[ing]

these youth to go into the areas that are not secured" by verbally complaining to his direct supervisor and Ferguson "numerous times." Although he was unable to state exactly how many times he had verbally complained, plaintiff noted that it was "[m]ore than 20 times" throughout his 13 years of employment.

The trial court granted defendant's motion for summary judgment dismissing plaintiff's retaliation claim, concluding that "there is no evidence" that defendant "received the OR-OSHA Complaint" before its decision to terminate plaintiff. The trial court did not mention plaintiff's additional verbal complaints in its ruling.

ORS 659A.030(1)(f) provides that it "is an unlawful employment practice *** [f]or any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that person has filed a complaint[.]" A plaintiff can establish "a causal connection between protected conduct and a materially adverse action *** by showing that the protected activity was followed closely by discriminatory treatment." *Meyer v. Oregon Lottery*, 292 Or App 647, 681-82, 426 P3d 89 (2018) (internal quotations omitted). Although there is no bright-line rule as to how close in time an employee's complaint must be to his subsequent termination to raise that inference, we have concluded that, without more to establish causation, over a year is generally too long of a gap. *Brunick v. Clatsop County*, 204 Or App 326, 342, 129 P3d 738 (2008) (concluding that "without more" evidence, a 13-month gap between an employee's statements and termination was insufficient to establish a causal connection); *cf. Meyer*, 292 Or App at 683 (concluding that a two-month gap was sufficient to establish causation); *see also Medina*, 278 Or App at 589 (concluding that less than one month was sufficient to establish causation).

In this case, there is no evidence that plaintiff raised any complaint within a year prior to his termination. Plaintiff testified that it had been at least a year since he made any verbal complaints and offered no further details about the timing or specifics surrounding his previous verbal complaints. Thus, a reasonable trier of fact would have

been left without any evidence to infer a causal connection between plaintiff's complaints and his termination.

Plaintiff's argument that he was terminated for his OR-OSHA complaint also suffers from a timing problem. Defendant sent plaintiff the letter of termination a day before defendant received the notification from OR-OSHA about the anonymous complaint. There is no evidence in the summary judgment record that defendant had any knowledge of the complaint at the time it terminated plaintiff and, therefore, a rational trier of fact could not have inferred a causal connection between plaintiff's complaint and subsequent termination. Accordingly, we affirm the trial court's summary judgment ruling for defendant on plaintiff's retaliation claim.

In his second assignment of error, plaintiff contends that the trial court erred in granting defendant's motion for directed verdict on plaintiff's discrimination claim. The gravamen of plaintiff's claim is that, although defendant stated that he was terminated for violating the facility's use-of-force policy, that justification was pretext for unlawful discrimination based on plaintiff's national origin for two reasons: First, plaintiff cites evidence that similarly situated employees were treated more favorably than plaintiff. Second, plaintiff, who is Hispanic, argues that "a reasonable juror could decide that Plaintiff's race was a motivating or deciding factor" that led to his termination, because testimony established that his supervisors applied a "double standard" between white and Hispanic workers.

"On review of motions for directed verdict, we must determine whether, viewing in the light most favorable to the non-moving party, a reasonable factfinder could only find in favor of the moving party." *Thompson v. Marshall*, 309 Or App 640, 644, 484 P3d 336 (2021).

In the trial court's view, the evidence was insufficient to create a question for the jury as to whether plaintiff's termination was connected to his national origin. The trial court determined that evidence that one supervisor made racially inappropriate comments was not connected to plaintiff's termination, because that supervisor's

employment ended well before plaintiff's termination. The trial court further concluded that testimony by plaintiff's Mexican-American coworker about her perception of an unequal standard applicable to Hispanic employees was insufficient, because the coworker's perception was not supported by any evidence that could connect plaintiff's termination to his national origin. Finally, the trial court rejected plaintiff's argument that the evidence showed that similarly situated employees were treated differently than plaintiff, because there was not "any evidence that national origin was a motivating factor" in plaintiff's termination.

In order to prevail on a claim under ORS 659A.030 (1)(a), (b), a plaintiff must show that (1) they are a member of protected class; (2) they were subject to an adverse employment action; and (3) they suffered that adverse employment action "because of" their race, national origin, or other protected characteristics. In this case, the third element—causation—is contested. Evidence of discriminatory motive "is rarely direct and often, necessarily, circumstantial and inferential." *Medina*, 278 Or at 588 (internal quotations omitted). As such, plaintiffs may "use indirect evidence to raise the inference of intentional discrimination." *Miller v. Racing Commission*, 298 Or App 70, 90, 445 P3d 371 (2019).

The trial court did not err in granting defendant's motion for a directed verdict. There is no evidence connecting plaintiff's termination to any racial animus. Plaintiff did not offer any evidence that he was disparately treated when compared with the treatment of two similarly situated non-Hispanic coworkers who he identified during the trial. Although plaintiff may have been disciplined more than those two workers, he was not *terminated* earlier than those workers for violating the use-of-force policy. In fact, he was terminated after his third use-of-force violation and the non-Hispanic workers were terminated after their first and second use of force violations, respectively.

One employee testified that she perceived that plaintiff's supervisor applied an unequal standard to Hispanic workers. However, that perception is not substantiated by any evidence in the record as to how that unequal standard materialized or caused disparate treatment in

the workplace. *See Miller*, 298 Or App at 95-96 (explaining that without more evidence, the supervisor's "disparate demeanor \*\*\* fails to permit a reasonable inference of discriminatory investigation or discharge" because, in part, the plaintiff did not proffer evidence how the supervisor's "'chumminess' with men" resulted in the supervisor's dismissal recommendation of plaintiff). Plaintiff's claim that he was terminated because of his national origin requires inferential leaps that do not logically flow from the evidence, and we conclude for that reason that the trial court did not err in granting defendant's motion for directed verdict.

Affirmed.